# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DR. TRUST JUSTICE TRUTH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASHLEY & ASHLEY HOMESTORE – SUMMERLIN, NV,<br><br>　　　　Defendant. | Case No.: 2:22-cv-02024-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 1] |

　　　　Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1. The Court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who has shown that he is unable to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access. *See, e.g., id.* at *3-4. While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, he must demonstrate that he cannot pay those costs while still providing himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

　　　　In this case, Plaintiff's application identifies $12,240 in cash available in a checking account. Docket No. 1 at 2. The existence of these savings establishes that Plaintiff is capable of paying the $402 filing fee in this case. *Cf. Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Penn. 1982) (holding that the magistrate judge correctly determined that the plaintiff did not qualify for *in forma pauperis* status when he had $450 in savings and the filing fee was $60).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to pay the filing fee if Plaintiff wishes to proceed with this case.

Dated: December 6, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).